IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NANCY LEVINE,     *

    Plaintiff,     *

v.     *     Civil Action No. 8:24-cv-2954-PX

THE YANKEE CANDLE COMPANY, INC.     *
*et al.*
    *

    Defendants.

\*\*\*

### MEMORANDUM OPINION

Pending in this personal injury case is Defendant Yankee Candle Company, Inc. ("Yankee Candle)'s motion to dismiss the Complaint for insufficient service of process. ECF No. 9. Plaintiff Nancy Levine has responded to the motion, albeit two days late. ECF No. 11.[1] Yankee Candle has replied, ECF No.13, and Levine has filed a surreply, ECF No. 14, which shall be stricken.[2] For the following reasons, Yankee Candle's motion is GRANTED, and the Complaint is dismissed without prejudice.

**I.**     **Background**

On December 30, 2020, while Levine was shopping at a Yankee Candle store, an employee sprayed a disinfectant too close to her, causing injury. ECF No. 4 at 2. Almost three years later, on December 29, 2023, with the statute of limitations set to expire, Levine filed her Complaint against Yankee Candle and a "Jane Doe" defendant in Prince George's County

---

[1] Although Levine's inability to submit a timely filing reflects her larger inattention to the case, the Court will consider Levine's response even if late.

[2] Local Rule 105.2(a) makes clear that a party may not file a surreply absent court order. D. Md. Loc. R. 105.2(a). Levine has not sought permission to file the surreply and, even if she had, the Court would have denied the request because the "surreply" raises new, and near inscrutable, contentions concerning the propriety of removal and the "mailbox rule." ECF No. 14. These arguments have little relevance to the grounds on which Yankee Candle seeks dismissal. Thus, the Clerk is directed to strike ECF No. 14.

Circuit Court. *Id.* On January 4, 2024, the Circuit Court Clerk issued two writs of summons. ECF No. 9-2. By law, the writs of summons naturally expire if not served within 60 days. *See* Md. Rule 2-133.

Levine never served the summons. Instead, on April 9, 2024, Levine, through her counsel, requested that the Clerk reissue the summons. ECF No. 1-3. The Circuit Court renewed the writs of summons on April 10, 2024, thus restarting the 60-day service clock. ECF No. 3-12 at 3. Once again, Levine failed to serve the summons and thus they expired.

Because Levine failed to timely serve Defendants, on July 5, 2024, the Circuit Court issued a notice of contemplated dismissal pursuant to Maryland Rule 2-507. ECF No. 3-5. The notice advised Levine that "the action is subject to dismissal" because Yankee Candle had not been served within 120 days from the issuance of the original process. *Id.* The notice also warned Levine that the action would be dismissed without prejudice within 30 days unless Levine filed "a written motion showing good cause to defer the entry of the order of dismissal." *Id.*

Three days later, on July 8, 2024, Levine filed a motion "opposing" the notice of contemplated dismissal. ECF No. 1-7. In the motion, Levine's counsel claimed that his computer had been "hacked" on April 10, 2024; that he had "difficulty recovering files;" and that he had to buy another computer with "upgraded security features." *Id.* Levine's counsel also confessed that he had not been "aware" of the April 10 renewal of summons until he had received the July 5 notice of contemplated dismissal. *Id.* Counsel further asserted that he ultimately located the April 10 summons renewal in his "junk mail," but "access to retrieve the document expired on or about June 9, 2024." *Id.* That same day, Levine also filed a line requesting reissuance of the summons for a third time. ECF No. 1-8.

On August 27, 2024, the Circuit Court ordered that the summons be reissued. ECF No. 1-9. *See also* ECF Nos. 1-10 & 1-11. However, the court also "reserved disposition" on the notice of contemplated dismissal and warned Levine that if service was not effectuated prior to the expiration of the reissued summons, "the Court shall dismiss Yankee Candle Company, Inc. as a party to the case pursuant to Md. Rule 2-507." ECF No. 1-9.

On September 11, 2024, Levine served Yankee Candle's resident agent by certified mail. ECF No. 9-3. Thereafter, Yankee Candle timely removed the matter to this Court and next moved to dismiss the Complaint pursuant to Maryland Rule 2-507(b). ECF Nos. 1& 9. Levine opposes the motion, singularly contending that the "full faith and credit clause" bars the requested relief. ECF No. 11. For the following reasons, Yankee Candle's motion is granted, and Levine's Complaint shall be dismissed without prejudice.

**II.    Analysis**

It is well settled that "[s]tate law governs the sufficiency and service of process before removal to federal court." *Jefferson v. Nat'l Railroad Passenger Corp.*, Civil No. DKC-15-2275, 2015 WL 6437364, at *1 (D. Md. Oct. 21, 2015). *See also Caltrider v. AutoNation, Inc.*, Civil No. BPG-22-1487, 2023 WL 3931990, at *3 (D. Md. June 8, 2023) (same); *Eccles v. Nat'l Semiconductor Corp.*, 10 F. Supp. 2d 514, 519 (D. Md. 1998) (same). Accordingly, the Court looks to the Maryland Rules to guide its decision.

Yankee Candle asks this Court to dismiss the Complaint under Maryland Rule 2-507(b) which reads, "[a]n action against any defendant who has not been served . . . is subject to dismissal as to that defendant at the expiration of 120 days form the issuance of the original process directed to that defendant." Md. R. 2-507(b). The original process issued on January 4, 2024. ECF No. 9-2. That summons expired for failure to serve after 60 days. Md. R. 2-113. The same happened upon reissuance of the summons. *See* ECF Nos. 3-12 & 3-5. Accordingly, because more than

3

120 days passed without service, the Complaint is subject to dismissal under Maryland Rule 2-507(b).

Whether to grant dismissal under Rule 2-507(b) is committed to the sound discretion of the trial court. *Caltrider,* 2023 WL 3931990, at *3 (citing *Sharp v. American Honda Motor Co., Inc.*, Civil No. JFM-09-2622, 2009 WL 4061761, at *1 (D. Md. Nov. 19, 2009)). The decision on dismissal "will be overturned on appeal only 'in extreme cases of clear abuse.'" *Reed v. Cagan,* 128 Md. App. 641, 645 (1999) (quoting *Stanford v. District Title Ins. Co.*, 260 Md. 550, 555 (1971)). In determining whether dismissal is warranted, "the responsibility is on the trial court to weigh and balance the rights, interests, and reasons of the parties in light of the public demand for prompt resolution of litigation." *Id.* The Court's "primary focus" must be on "diligence and whether there has been a sufficient amount of it." *Id.*[3]

On balance, the Court concludes that Levine, through counsel, has failed to demonstrate sufficient diligence to withstand dismissal, and that the equities weigh in favor of granting Yankee Candle's requested relief. First, the delay in service is lengthy – eight months – although not nearly as lengthy as other matters dismissed for failure to diligently effect service. *Cf. Hariri v. Dahne*, 412 Md. 674, 687–688 (2010) (thirty-two-month delay). *See also Caltrider*,

---

[3] Notably, Yankee Candle asks this Court to reach whether dismissal is proper, a question that remained alive and well at the time of removal. This inquiry is distinct from whether deferral of dismissal under Md. Rule 2-507(e) should be granted. Maryland Rule 2-507(e) provides that "on motion filed at any time before 30 days after service of the notice, the court for good cause shown may defer entry of the order of dismissal for the period and on the terms it deems proper." Md. Rule 2-507(e). A litigant meets the Rule 2-507(e) "good cause" standard for deferral of dismissal "by proving willingness to proceed with the prosecution of the claim and that the delay is not completely unjustified." Candidly, this Court cannot conclude that the Circuit Court had "deferred" dismissal under this Rule when it issued the August 27 Order. ECF No. 1-9. That Order instead "reserved for disposition" Levine's opposition to the notice of contemplated dismissal. *Id.* It further warned Levine that failure to serve the summons yet again would result in automatic dismissal of the matter. *Id.* ("The Court shall dismiss," the complaint against Yankee Candle Company). But the Order did not articulate whether Levine had shown "good cause" to defer the question of dismissal. *Cf. City of Annapolis v. Clemens*, 2020 WL 3265399, at *5–6 (Md. Ct. Spec. App. June 17, 2020). Alternatively, even if the Circuit Court had deferred dismissal, this Court is not bound by such a determination, especially where, as here, the not-yet-served defendant had no opportunity to be heard before the state court decided the question of deferred dismissal. *See Reed*, 128 Md. App. at 654–55.

2023 WL 3931990, at *3 (two-year delay); *Morrison v. Blackford*, Civil No. AW-08-3090, 2008 WL 11367457, at *1 (D. Md. Dec. 11, 2008) (sixteen-month delay); *Jefferson*, 2015 WL 6437364, at *1 (one-year delay). This combined with the three-year delay in filing suit until limitations was set to expire, cuts decidedly in favor of dismissal. *See Carden v. Evenflo Co., Inc*, Civil No. JFM-03-2129, 2003 WL 22056644, at *1 (D. Md. Aug. 28, 2003) ("to countenance plaintiff's dilatory conduct in this action would frustrate the limitations statutes and the policies underlying them by empowering a plaintiff to extend the limitations period for a time of his own choosing."). This is especially so where, as here, the employee who allegedly sprayed disinfectant on a single occasion near Levine remains unnamed and unidentified. To make Yankee Candle defend this action four years after its occurrence works the very kind of disadvantage "not amenable to specific delineation," but exists, nonetheless. *Carden*, 2003 WL 22056644, at *1 (quoting *Reed*, 128 Md. App. at 648).

Second, nothing in the record suggests that Levine exercised any modicum of diligence to attempt service. Not once had Levine even tried to serve Yankee Candle until September 11, 2024. And even then, service took no more effort than mailing the summons and complaint to the resident agent. ECF No. 9-3. That it took over eight months to mail a letter reflects how little attention Levine paid to ensuring Yankee Candle received prompt notice of this case.

Third, Levine's proffered reasons for failing to effect service defy credulity. Levine's sole excuse for an eight-month delay in service rests with a single supposed computer "hack" on April 10, 2024. ECF No. 1-7. Levine has not at all explained why this unfortunate event, if it happened at all, had anything to do with failing to effect service from January 4, 2024, through September 10, 2024. As Yankee Candle rightly points out, Levine's counsel weathered the supposed "hack" such that he could file: (1) a motion on April 9, 2024 and pretrial statement on

April 20, 2024 in a separate state court matter (ECF No. 9-4 at 12); (2) a petition and line of appearance in another case on April 23, 2024 (ECF No. 9-5 at 3); (3) a line to withdraw his appearance in a third case on April 24, 2024 (ECF No. 9-6 at 4); (4) a motion to extend time (ECF No. 9-7 at 4) on May 8, 2024, in a fourth case; and (5) a new complaint in a fifth case on May 14, 2024 (ECF No. 9-8 at 3).  Counsel's active engagement in several other matters close in time to the supposed "hack" wholly undercuts the purported reason for any filing delay.  The Court will not reward Levine's lack of diligence by countenancing this baseless excuse for delay.

      Nor can the Court credit counsel's representations that he could not perfect service because the April 10 renewed summons ended up in his "junk mail."  Although the "hack" and renewed issuance coincidentally fell on the same day, Levine does not explain at all how the hack relates to counsel's "junk mail."  ECF No. 1-7.  But even if some electronic notification did end up in the junk mail, this is a reality for all lawyers in the digital age.  The risk that electronic court notices end up in junk mail cannot absolve counsel's lack of diligence.  Counsel specifically sought the renewed summons as of April 4, 2024.  ECF No. 1-3.  Given that Levine was fast approaching the 120 days without having effected proper service in April, and thus risking dismissal under the Maryland Rules, counsel should have been keenly aware of the need for such reissuance for the case to survive at all.  Reasonably diligent counsel would have done more than mere passive reliance on an email alert to learn of the summons' reissuance had he been diligently attempting to effect service.  Instead, Levine's counsel let three more months pass before taking any action.

      Levine's response to Yankee Candle's motion further confounds the Court.  Levine offers *no* detail or evidence related to how counsel's particular "hack" frustrated service.  ECF No. 11 at 11–13.  Instead, Levine obliquely opines about how hacking generally (an irrelevancy)

has harmed other law firms. *Id.* Other firms' generalized computer woes do not bear on whether to forgive counsel's lack of diligence. Accordingly, Levine's failure to justify the delay in service counsels in favor of dismissal.

Levine separately seems to suggest that the Full Faith and Credit Clause of the United States Constitution compels this Court to deny dismissal in deference to the state court's pre-removal decisions. ECF No. 11 at 10.[4] Sure, federal courts are required to "give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 482 (1982) (quoting *Allen v. McCurry*, 449 U.S. 90, 96 (1980)). *Seel also Weaver v. Aegon, U.S.A., LLC,* Civil No. 14-3436-RBH, 2015 WL 5691836, at *23 (D.S.C. Sept. 28, 2015) (a final judgment is entitled to full faith and credit). But an interim order to *defer* final disposition is hardly a final judgment. Alternatively, even if this Court gives full effect to the Circuit Court order, that order simply "reserves for disposition" Levine's "opposition" to the contemplated dismissal. ECF No. 1-9. The order certainly did not preclude Yankee Candle from seeking dismissal, and in fact, left for another day the determination of whether dismissal for lack of service is ultimately warranted. With Yankee Candle's current motion, that day has come, and the prior deferral of that decision does not preclude a final determination now.

---

[4] Although Levine argues that the constitutional and statutory full faith and credit applies, this Court is bound only by the Full Faith and Credit Act. *In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 128 (4th Cir. 2000) ("[T]he Full Faith and Credit Clause requires states to accord full faith and credit to the judgment of other states. U.S. Const. art. IV, § 1. Rather, a federal statute directs federal courts to afford state court judgments full faith and credit. *See* 28 U.S.C.A § 1738.").

**III.     Conclusion**

Considering Levine's lack of diligence in timely serving the Complaint after having waited nearly three years to bring the action in the first place, her lack of any justification for the delayed service, and her attempt to front near frivolous reasons and arguments to the contrary, the Court concludes that on balance, dismissal without prejudice is warranted. Yankee Candle's motion to dismiss is GRANTED and the Complaint is DISMISSED without prejudice.

A separate Order follows.

| | |
|---|---|
|   6/13/2025   <br> Date |     /S/   <br> Paula Xinis <br> United States District Judge |